Reed, J.,
delivered the opinion of the court.
It appears that Mary J. and J.. B. Emory, being the owners of a farm in Jefferson county, rented it to Jacob Ely for the *89 year 1892, who occupied it with his family, planted and cared for the crops, and conducted the farm until sometime in the month of July, when he sold and delivered the growing crops to one George McKay, who entered into the possession, irrigated, harvested and stacked the crops of grain and hay. After the transfer to McKay, the family of Ely still occupied the house, and McKay staid with them when at the farm. Ely himself had found other employment and was away during the week, but came home to spend the Sabbath. Plis two boys were employed bj^ McKay. As to how McKay became the purchaser of the growing crop and other personal property, the evidence is meager and unsatisfactory. That he had possession and control is established beyond controversy. While so in the possession and control, he executed a chattel mortgage of the growing crop and other personal property to defendant in error to secure advances made. After harvesting and securing the crop, McKay went to the mountains and was gone some eight days, Ely and family still oecupyingthe house upon the farm. During the absence of McKay, Ely claiming to be the owner, sold the grain and hay in the stack, and other personal property to Flick, the plaintiff, put him in possession of the house, etc., and left the country. Flick claiming to be the owner in possession of the house and property, defendant brought this suit in replevin to get possession of the property. A trial was had to a jury, who found for the plaintiff (defendant in error). From such verdict and the judgment following, the appeal is prosecuted to this court.
There was no question to be determined by the jury but that of ownership and possession. Both parties claimed title from the same source, originating at different dates, that of McKay in July and that of Flick in September.
The principal argument of plaintiff is to the effect that there was no legal testimony to establish the possession and ownership of McKay. We cannot adopt this contention. The fact of his assertion of ownership and control until the crops were secured in stack and Ely’s recognition are fully *90 established. That Flick afterwards'bought the same property, and paid for it, is also fully established. The question of title of the respective claimants seems to have been fairly submitted to the jury and found by it, as a question of fact, in favor of McKay, and through him, by virtue of the chattel mortgage, in defendant. According to the well settled rule, of this court such finding is' conclusive.
The 3d, 4th and 5th assignments .of error relied upon in argument are that the court erred in refusing certain evidence offered. As above stated,, the only issue to be tried was the title to the property. The evidence offered was not pertinent and, if admitted, would in no manner have enlightened the jury, being only of circumstances from which an inference might be drawn. The court did not err in rejecting it.
The judgment of the court below will be affirmed.

Affirmed.